AUGUST SHIMMEL *against* THE ERIE RAILWAY COMPANY.

Plaintiff was employed by the vice-president of the defendant, a railroad corporation, to operate an electric light used for the purpose of illuminating the defendant's advertisements and for examining baggage at night, and the fact that he was so engaged in the defendant's service was a notorious one; and it also appeared that bills for services rendered by other persons had been paid on vouchers certified by the vice-president: *Held*, that these facts were sufficient to warrant a jury in finding that the vice-president had authority to employ the plaintiff for the company.

APPEAL from a judgment of this court entered by direction of the court at trial term, dismissing the complaint.

The facts are stated in the opinion.

*A. A. Redfield* (*T. G. Shearman* with him), for the appellant, as to the power of the defendant's vice-president to employ plaintiff, cited *Olcott* v. *Tioga R. R. Co.* (27 N. Y. 546, 558); *Bank of U. S.* v. *Dandridge* (12 Wheat. 64); *Bridenbecker* v. *Lowell* (32 Barb. 9); *Perkins* v. *Washington Ins. Co.* (4 Cow. 645, 659, 661); *Hoyt* v. *Thompson* (19 N. Y. 208, 219); Angell & Ames on Corp. 3d ed. 269; 8th ed. §§ 283, 284; *Beers* v. *Phœnix Glass Co.* (14 Barb. 358); *Smith* v. *Hull Glass Co.* (11 C. B. 897); *Allen* v. *Citizens' Steam Navigation Co.* (22 Cal. 28); *Lohman* v. *N. Y. & Erie R. R. Co.* (2 Sandf. 39); *Marine Bank* v. *Clements* (31 N. Y. 33; aff'g s. c. 6 Bosw. 166); *Farmers' & Mechanics' Bank* v. *Butchers' & Drovers' Bank* (14 N. Y. 623); *Bank of Lyons* v. *Demmon* (Hill & D. Supp. 398); *Nicholas* v. *Oliver* (36 N. H. 218); *Goodwin* v. *Union Screw Co.* (34 N. H. 378).

*Jos. Larocque*, for respondent.

LARREMORE, J.—The plaintiff, who was employed by the defendant as superintendent of the voucher and pay roll department, for which he was paid a stated salary, on the 12th of October, 1869, was employed by the vice-president of defendant to superintend and manage an electric advertising light, on the corner of Broadway and 23d street, in defendant's building or office. The claim made is for extra services from 6 P. M. until midnight, and for which he was employed, and his compensation therefor was fixed at $100 per month. There is no allegation that the services were not performed or that the same were not for the benefit of the defendant.

Whether or not such services were included in plaintiff's duties as superintendent of the voucher and pay roll department, was, under his testimony in explanation of the vouchers and receipts offered in evidence, a question of fact for the jury.

The nonsuit was granted on the ground that Fisk, the vice-president of the defendant, had no authority to make said contract, and that defendant is not bound thereby. This, I think, was error. Fisk was a general officer of the Erie Railway Co. He certified vouchers for services performed for it, which were

accepted and paid. The electric light was used to examine baggage arriving at night on defendant's line, and to illuminate their signs and advertisements on adjoining buildings. This fact was notorious.

There was evidence enough of the acceptance by the company of plaintiff's extra and special services to put the defendant to proof, and the judgment of nonsuit should be reversed, and a new trial ordered, with costs to abide the event.

ROBINSON, J., concurred.

Ordered accordingly.